

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GREGORY ALAN LEAVY,

                Plaintiff,        DECISION & ORDER
v.                                         16-CV-6053

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

                Defendant.
_____

## Relevant Background

Plaintiff Gregory Alan Leavy (hereinafter "plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security denying his application for Social Security Disability benefits. See Complaint (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. See Dockets ## 13, 14.

On April 14, 2017, a hearing was held and argument was heard from counsel on the motions. Docket ## 17, 18. At the conclusion of the hearing, the Court granted plaintiff's motion (Docket # 13) and denied the Commissioner's motion (Docket # 14), remanding the case for further proceedings. The following Decision and Order serves to briefly confirm the Court's oral ruling.

## Factual Background

At the time of his hearing, plaintiff was a 61 year old former construction worker with a history of lumbar disc disease with T12 compression, living on food stamps and temporary public assistance. The ALJ determined that plaintiff had the residual functional capacity to perform the full range of medium work. This RFC finding was not supported by substantial evidence.

The medical record in this case was limited to two opinions. The first came from Dr. Shivender K. Thakur, a board certified physician who was plaintiff's treating doctor. Dr. Thakur's treatment notes demonstrate that plaintiff's compression fracture generated significant back pain and difficulty standing, sitting, pulling, pushing, and lifting. AR. at 203-06, 230, 235-36. After examining plaintiff on March 25, 2014, Dr. Thakur opined that plaintiff could not pull, push or lift more than twenty-five pounds, and could not stand for more than fifteen to twenty minutes. AR. at 231. The second opinion was from Dr. Elizama Montalvo, who examined plaintiff on a single occasion, February 14, 2013, at the request of the Commissioner. Dr. Montalvo's opinion was similar to Dr. Thakur's, finding that plaintiff had "moderate limitation for bending, lifting, carrying, pushing, and reaching," and mild-to-moderate limitations in standing and sitting. AR. at 210.

2

Plaintiff appeared pro se at a hearing before ALJ Withum on May 16, 2014. AR. at 21-23. The hearing was conducted by video conference and was very brief. The ALJ hardly questioned plaintiff about his limitations in sitting, standing, and lifting, and asked him nothing about his abilities to carry, push, or reach. AR. at 19-44. The ALJ presented the testifying vocational expert with only one hypothetical, which included the full scope of medium work and made no reference to any of the limitations mentioned by either Drs. Montalvo or Thakur. AR. at 41.

The ALJ's decision found plaintiff fully capable of medium work, which means she found plaintiff to have the ability to sit for up to six hours a day and stand for two hours a day. See AR. at 12 (citing 20 C.F.R. § 404.1567(c)). In determining this RFC, the ALJ decided not to "assign significant weight" to the opinions of either Dr. Montalvo or Dr. Thakur. Id. at 13. The ALJ cryptically reasoned that Dr. Montalvo's use of the terms "mild" and "moderate" was "vague and ambiguous for the purposes of determining the claimant's" RFC, and that Dr. Thakur's opinion limiting plaintiff to standing no more than fifteen or twenty minutes and pulling, pushing and lifting no more than twenty-five pounds was "inconsistent with the relatively unremarkable physical findings." Id.

3

## Discusssion

The ALJ's dismissive treatment of the medical evidence in this case was clear error. Both the treating doctor and the consultative examiner determined that plaintiff had medically supported limitations in his abilities to sit, stand, lift, push and pull. Indeed, plaintiff's treating physician specifically opined that plaintiff could not perform the exertional requirements of medium work. The treating physician rule, set forth in the Commissioner's own regulations, "mandates that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources."). Where, as here, an ALJ gives a treating physician opinion something less than "controlling weight," she must provide good reasons for doing so. Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is error. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998); see also Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating physician' rule of deference to the views of the physician who has engaged in the

4

primary treatment of the claimant."); Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician[']s opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician:

> To override the opinion of the treating physician, we have held that the ALJ must explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ must comprehensively set forth his reasons for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations and alterations omitted); see also Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) ("[T]he ALJ must comprehensively set forth his reasons for the weight assigned to a treating physicians opinion. Failure to provide such good

5

reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.").

Here, the ALJ engaged in none of the required analysis, and the opinion does not inform plaintiff of the specific weight assigned to the opinions of either the treating physician or the consultative examiner. The failure to provide "'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); see also Schaal v. Apfel, 134 F.3d at 505 ("Commissioner's failure to provide 'good reasons' for apparently affording no weight to the opinion of plaintiff's treating physician constituted legal error."). While an ALJ is free choose between properly submitted medical opinions, she may not substitute her own lay opinion for those of medical experts. Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians [sic] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."). The failure of the ALJ to ask the vocational expert a single hypothetical question that incorporated the exertional limitations found by Dr. Thakur and Dr. Montalvo only compounded

the error and deprived plaintiff of a fair hearing. Accordingly, remand is required. See McIntyre v. Colvin, 758 F.3d 146, 151-52 (2d Cir. 2014) (an ALJ may rely on a vocational expert's testimony at Step Five so long as it "accurately reflect[s] the limitations and capabilities of the claimant involved"); Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

It is also the duty of the ALJ to develop the administrative record. When, as here, a claimant is unrepresented, the Second Circuit has stated that "the ALJ is under a heightened duty 'to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'" Cruz v. Sullivan, 912 F. 2d 8, 11 (2d Cir. 1990) (quoting Echevarria v. Sec. of Health and Human Serv., 685 F.2d 751, 755 (2d Cir. 1982) (additional quotation omitted)). If, on remand, the ALJ believes the opinions of Dr. Montalvo or Dr. Thakur are "vague," "ambiguous," or seemingly "inconsistent" with physical findings, then the ALJ shall contact the doctors or otherwise develop the record further in order to

7

provide the clarity necessary to make a reasoned decision supported by substantial evidence.[1]

Based on the reasons stated on the record and above, it is hereby **ORDERED** that plaintiff's motion for judgment on the pleadings (Docket # 13) **is granted**, and the Commissioner's motion for judgment on the pleadings (Docket # 14) is **denied**. This case is remanded for further proceedings consistent with this Decision and Order.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:   September 20, 2017
         Rochester, New York

---

[1] Developing a full and complete record is critically important here because plaintiff meets the advanced age requirement, and an RFC of light work may warrant a finding of disability under the Medical Vocational Guidelines ("Grid Rules"). See Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 §§ 202.01 et seq.; see also Draegert v. Barnhart, 311 F.3d 468, 472-73 (2d Cir. 2002) (applying the Grid Rules as related to an individual of advanced age capable of sedentary or light work).

8